UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br>            Plaintiff,<br>    v.<br>PARI MEMARI, et al.,<br>            Defendants. | Case No. 17-cv-04216-SK<br><br>***SUA SPONTE* ORDER REMANDING CASE TO CONTRA COSTA COUNTY SUPERIOR COURT** |

Defendant Pari Memari, proceeding *pro se,* removed this unlawful detainer action to federal court. The parties consented to the jurisdiction of this magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 11 and 14.) Having reviewed the pleadings on file, the Court finds that it lacks subject matter jurisdiction over this action, which arises exclusively under state law. In addition, the amount demanded does not exceed $10,000. Accordingly, the Court issues this *sua sponte* order remanding this action to state court.

**BACKGROUND**

On June 16, 2017, Plaintiff The Bank of New York Mellon filed a verified complaint for unlawful detainer complaint against Defendant Pari Memari in Contra Costa County Superior Court. (Dkt. 1, pp. 15-27.) Plaintiff seeks to take possession of 1293 Redwood Drive, Concord, California (the "Property"). (*Id.*) On April 18, 2017, Plaintiff purchased the Property at a foreclosure sale. (Dkt. 1, p. 16.) On June 12, 2017, Defendant was served with a 3-day written notice to quit and deliver possession. (*Id.*) More than three-days passed, and Defendant refused to deliver possession. (Dkt. 1, p. 17.) Plaintiff filed an action in superior court four days later.

Defendant removed the action to federal court on July 25, 2017. (Dkt. 1.) While Plaintiff asserts that an answer has been filed (Dkt. 1, p. 9), no answer is on file in this Court.

/ / /

# ANALYSIS

## A. Subject Matter Jurisdiction

This Court has an independent duty to ascertain its jurisdiction and remand a case *sua sponte* for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,* 980 F.2d at 566.

The Court does not have federal question or diversity jurisdiction over this matter. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule.'" *Caterpillar Inc. v. Williams,* 482 U.S. 382, 392 (1987). The well-pleaded complaint rule recognizes that the plaintiff is the master of his or her claim. "[H]e or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* Thus, under the well-pleaded complaint rule, jurisdiction can arise where the "complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd.,* 463 U.S. 1, 27-28 (1983).

This is an unlawful detainer action, which is purely a creature of California law. Thus, federal law does not create the cause of action. *Wells Fargo Bank v. Lapeen,* 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); *Wescom Credit Union v. Dudley,* 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010). Moreover, the Court concludes that the claim will not necessarily depend upon the resolution of a substantial question of federal law. While Defendant refers vaguely to 12 U.S.C. § 5219 (the Home Affordable Modification Program), which requiring consent to reasonable loan modification requests in certain circumstances, there are no factual allegations supporting the applicability of that act.

//

Further, a case cannot be removed on the ground that the complaint gives rise to a potential or an anticipated defense that might raise a federal question, even if the defense is the only question truly at issue in the case. *Franchise Tax Board,* 463 U.S. at 10, 14; *see also Caterpillar,* 482 U.S. at 393 ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."). Therefore, there is no federal jurisdiction arising out of federal law.

The Court also determines that it does not have diversity jurisdiction over this matter. The amount in controversy does not exceed the jurisdictional amount of $75,000. "In unlawful detainer actions, the right to possession is contested, not title to the property, and plaintiffs may collect only damages that are incident to that unlawful possession." *Federal Home Loan Mortgage Corp. v. Pulido,* 2012 WL 540554 (N.D. Cal. Feb. 17, 2012). Here, Plaintiff filed the action as a "limited civil case" that "does not exceed $10,000." (Dkt. 1, p. 15) Where, as here, a plaintiff specifically alleges that the amount in controversy is less than the jurisdictional threshold, a defendant has the burden of showing with legal certainty that the amount in controversy exceeds $75,000. *See Lowerdermilk v. U.S. Bank National Ass'n,* 479 F.3d 994, 1000 (9th Cir. 2007). Defendant has not done so here.

## CONCLUSION

Given the lack of subject matter over this action, the Court hereby REMANDS matter to the Contra Costa County Superior Court. The Clerk shall close this file.

**IT IS SO ORDERED**.

Dated: August 30, 2017

_____
SALLIE KIM
United States Magistrate Judge